IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNIT CORPORATION, <br> UNIT DRILLING COMPANY, and <br> UNIT PETROLEUM COMPANY <br><br> *Plaintiff*, <br><br> vs. <br><br> SOGC, LLC f/k/a <br> SINCLAIR OIL & GAS COMPANY <br><br> *Defendant*. | Cause No. 4:25-cv-01170 <br> Jury Trial Demanded |

## PLAINTIFFS' SECOND AMENDED COMPLAINT

Plaintiffs, Unit Corporation ("Unit Corp."), Unit Drilling Company ("Unit Drilling"), and Unit Petroleum Company ("Unit Petroleum") (collectively, "Unit"), file this Second Amended Complaint against SOGC, LLC (f/k/a Sinclair Oil & Gas Company) ("Sinclair") with opposing party's written consent pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

### I.
### PARTIES

1. Plaintiff, Unit Corporation, is a Delaware corporation with its principal place of business in Tulsa, Oklahoma

2. Plaintiff, Unit Drilling Company, is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma.

3. Plaintiff, Unit Petroleum, is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma.

4. Defendant, SOGC, LLC (f/k/a Sinclair Oil & Gas Company) is a Wyoming limited liability company with its principal place of business in Salt Lake City, Utah. The sole member of

SOGC, LLC is REH Company, LLC. The sole member of REH Company, LLC is REH Advisors, Inc. which is a Wyoming corporation with its principal place of business located at 2800 W. Lincolnway, Cheyenne, Wyoming 82009. SOGC, LLC has been served and entered an appearance.

## III.
## VENUE AND JURISDICTION

5.    Venue and Jurisdiction are proper in this Court because the parties entered into a Drilling Bid Proposal and Daywork Drilling Contract which provides that "[t]he parties agree to the exclusive jurisdiction and venue of the State or Federal Courts having jurisdiction in the County of Harris in the State of Texas for resolution of any claim or dispute relating to this Contract and hereby waive any argument of lack of personal jurisdiction or inconvenience of forum regarding such courts."

6.    This Court also has jurisdiction over the lawsuit pursuant to Title 28, Section 1332(a)(1) of the United States Code because Plaintiffs and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a)(1).

## IV.
## FACTUAL BACKGROUND

**A.    The Parties and Relevant Agreement.**

8.    Sinclair is an oil and gas exploration company that conducts oil and gas exploration, development, and production. Unit Drilling is an oilfield services company the provides drilling services to operators in the oil and gas industry.

9.    Sinclair and Unit Drilling entered into a Drilling Bid Proposal and Daywork Drilling Contract (the "Daywork Drilling Contract") on or around November 19, 2021 whereby Unit agreed to provide Sinclair with well drilling services including at Sinclair's Moss MIPA well pad site in Big Spring, Texas (the "Pad Site").

10. Section 22 of the Daywork Drilling Contract provides that "[e]ither party may employ other contractors to perform any of the operations or services to be provided or performed by it according to Exhibit "A."[1] Section 6 of Exhibit "A" to the Daywork Drilling Contract, tiled "EQUIPMENT, MATERIALS, AND SERVICES TO BE FURNISHED BY DESIGNATED PARTY," provides that "[t]he machinery, equipment, tools, materials. supplies, instruments, services, and labor listed as the following numbered [i]tems, [i]ncluding any transportation required for such [i]tems unless otherwise specified, shall be provided at the well location and at the expense or the party hereto as designated by an X mark [i]n the appropriate column."[2] Pursuant thereto, Sinclair agreed to provide "Transportation of Contractor's property" (i.e., trucks and cranes for move in and move out) at its own expense:[3]

| | Item | Operator | Contractor |
|---|---|---|---|
| | | To Be Provided By and At The Expense Of | |
| 6.1 | Cellar | X | |
| 6.2 | Ditches and sumps | X | |
| 6.3 | Fuel (located at __ rig for rig, forklifts and personnel lift__) | X | |
| 6.4 | Fuel Lines (length __ rig diesel __) | | X |
| 6.5 | Water at source, including required permits | X | |
| 6.6 | Water well, including required permits | X | |
| 6.7 | Water lines, including required permits | X | |
| 6.8 | Water storage tanks __ 800 bbl. __ capacity | | X |
| 6.9 | Potable water | X | |
| 6.10 | Labor to operate water well or water pump (rig crews only) | | X |
| 6.11 | Maintenance of water well, if required | X | |
| 6.12 | Water Pump | X | |
| 6.13 | Fuel for water pump | X | |
| 6.14 | Mats for engines and boilers, or motors and mud pumps | | X |
| 6.15 | Transportation of Contractor's property: | | |
| | Move in (trucks and cranes) | X | |
| | Move out (trucks and cranes) | X | |

11. Pursuant to Section 22 and Exhibit A, Section 6 of the Daywork Drilling Contract, Sinclair contracted with Brady Welding & Machine Shop, Inc. ("Brady") to conduct rig moving services for Unit Drilling at the Pad Site.

---

[1] Daywork Drilling Contract § 22.
[2] Daywork Drilling Contract Ex. A, § 6.
[3] Daywork Drilling Contract Ex. A, § 6.

12.     Among the crew members Brady hired to perform rig moving services at the Pad Site for Unit Drilling was Samuel Pulido.

**B.     The Event Triggering Indemnity – Pulido's Original Petition.**

13.     According to Mr. Pulido's Original Petition, Unit's crew was in the process of assembling its drilling rig on March 10, 2022 in Big Spring, Texas when Mr. Pulido suffered an injury to his right hand.[4] Mr. Pulido claims that he was instructed by Unit's employees to hold a beam on the rig substructure and help them swing it out so they could secure it to another part of the rig's substructure with a pin.[5] Mr. Pulido alleges that his right hand (particularly, his third and fourth fingers) was crushed as the Unit crew members swung open the beam on a substructure of the drilling rig.[6]

14.     Sinclair engaged Brady to provide personnel and equipment to assist in the moving and rigging of the Unit Rig No. 401. Incident thereto, Brady issued a Billing of Lading (No. 098933) dated March 11, 2022 to Sinclair setting forth that it provided "safety and equipment to rig down and move and rig up." Brady invoiced Sinclair for those services that were performed on March 9, 2022 – March 11, 2022 (Invoice No. 309384). Records further indicate that the invoice was approved by Sinclair and, upon information and belief, Sinclair ultimately paid the invoice.

15.     On February 14, 2024, Mr. Pulido filed suit against Unit Corp, Unit Drilling, and Unit Petroleum.[7] Mr. Pulido's lawsuit was removed to federal court in the United States District Court for the Northern District of Texas (Abilene Division). Mr. Pulido's lawsuit was recently settled for a reasonable sum and the parties are in the process finalizing the Stipulation of Dismissal with

---

[4]   *See* Samuel Pulido's Original Petition ¶¶ 51-56 (February 14, 2024) filed in the 118th Judicial District Court of Howard County, Texas, Cause No. 56383.
[5]   Pulido's Original Petition ¶¶ 52-53.
[6]   Pulido's Original Petition ¶¶ 54-55.
[7]   Pulido's Original Petition p. 1.

Prejudice.[8]

## C. The Defense and Indemnity Obligations.

16. At the time of injury, Mr. Pulido, as an employee of Brady, was providing rig moving services to Sinclair as Sinclair's contractor. Pursuant to Section 14.11 of the Daywork Drilling Contract between Sinclair and Unit Drilling, Sinclair agreed defend and indemnify "Contractor Group" from and against all claims of injury of "Operator's contractors of any tier . . . or their employees." "Contractor Group" is defined to include not only Unit Drilling but also its "[p]arents, subsidiaries, and affiliates." As such, "Contractor Group" also includes Unit Corp. and Unit Petroleum.

17. When a party is required to defend and indemnify the other party's group, the Daywork Drilling Contract provides that the indemnifying party must indemnify and defend for any and all claims, regardless of cause, including negligence. Additionally, Section 13.2 of the Daywork Drilling Contract requires Sinclair to name Unit and its Group as "additional insureds."

## D. Unit's Request for Indemnity and Sinclair's Denial.

18. On December 6, 2023 Unit tendered defense and indemnity to Sinclair pursuant to the terms of the Daywork Drilling Contract. Sinclair subsequently denied Unit's request for defense and indemnity. Unit thereafter filed this lawsuit for breach of contract.

19. On April 11, 2025, Unit and Mr. Pulido entered into a settlement agreement for a reasonable sum. Despite owing Unit a contractual right of defense and indemnity, Sinclair refused to defend Unit in the underlying matter and now indemnify Unit for the entirety of the reasonable settlement amount it paid to Mr. Pulido.

---

[8] *See Samuel Pulido v. Unit Corporation, et al.*; Cause No. 1:24-cv-00047-H, pending in the United States District Court for the Southern District of Texas (Abilene Division).

## V.
## CAUSE OF ACTION – BREACH OF CONTRACT

20.  Unit Drilling entered into a valid and enforceable contract (i.e., the Daywork Drilling Contract) with Sinclair, supported by all formalities of contracting (*i.e.*, offer, acceptance, and consideration).

21.  One of the obligations of Sinclair under the Daywork Drilling Contract is to defend and indemnify "Contractor Group" (i.e., Unit Drilling and its Group) against any "claims" arising out of any physical injury to Sinclair's contractors and their employees (i.e., Mr. Pulido), regardless of cause. The Daywork Drilling Contract further requires Sinclair to name Unit Drilling and its Group as additional insureds. Sinclair has breached these duties to Unit because it refused to defend and has now breached its indemnity obligation to Unit Drilling and its Group.

22.  Unit has incurred attorney's fees and expenses associated with its representation against the claims asserted by Mr. Pulido. Despite receiving Unit's demand for defense and indemnity, Sinclair has refused to fully honor its obligations and will not pay Unit for its attorneys' fees and defense costs and expenses related to the claims asserted by Mr. Pulido against Unit Drilling and its Group or pay the reasonable settlement amount.

23.  This constitutes a material breach of Sinclair's obligations under the Daywork Drilling Contract, and that breach has caused (and will continue to cause) Unit damages.

## VI.
## JURY DEMAND

24.  Unit hereby demands a trial by jury on all issues and represents that the appropriate fee has either been paid or will be paid.

## VII.
## ATTORNEYS' FEES AND COSTS

25.  Unit demands recovery of its attorneys' fees and costs pursuant to Section 23 of the Daywork Drilling Contract.

# VIII.
# CONCLUSION AND PRAYER

Plaintiffs, Unit Corp; Unit Drilling; and Unit Petroleum, respectfully request the entry of a final judgment against Defendant, SOGC, LLC (f/k/a Sinclair Oil & Gas Company), ordering it to:

    a.    An award of Unit's actual damages that it sustained as a result of Sinclair's breach, including the amount of the reasonable settlement amount paid to Mr. Pulido;

    b.    An award of the full amount of costs and attorneys' fees Unit has incurred to date, both defending against Mr. Pulido's claims and prosecuting the instant Second Amended Complaint against Sinclair;

    c.    Pre- and post-judgment interest as allowed by law.

Unit further prays for any and all additional relief to which it may show itself justly entitled, whether at law or in equity.

Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS, LLP**

By: */s/ Jeffrey S. Davis*
    Jeffrey S. Davis
    Texas Bar No. 00783936
    jsadvis@bradley.com
    Andrew W. Bell
    Texas State Bar: 24086358
    abell@bradley.com
    600 Travis, Suite 5600
    Houston, Texas 77002
    713-576-0300 – Telephone
    713-576-0301 – Facsimile

**COUNSEL FOR UNIT CORPORATION,
UNIT DRILLING COMPANY, AND
UNIT PETROLEUM CORPORATION**

## CERTIFICATE OF CONFERENCE

This is to certify that, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, the undersigned conferred with Defendant's counsel on April 17, 2025 via electronic correspondence regarding Plaintiffs' request for leave to amend their First Amended Complaint. Defendant's counsel did not oppose Plaintiffs' request for amendment.

*/s/ Jeffrey S. Davis*
Jeffrey S. Davis

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served on all parties record through the Court's CM/ECF filing program on April 25, 2025.

*/s/ Jeffrey S. Davis*
Jeffrey S. Davis